IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DAVID ALAN MONFRE,

    Defendant.

Case No. 09-cr-30075 MJR

**ORDER**[1]

Defendant David Alan Monfre (Monfre) is before the Court on the Government's Motion for Detention (Doc. 5). A hearing on the motion was held on June 26, 2009. For the reasons stated below, the Government's motion is **DENIED**.

### FACTUAL SUMMARY

On June, 26 2009, Monfre appeared in court for an Initial Appearance and Arraignment. On that date a hearing was held on the issue of detention. Appearing for the United States was Assistant United States Attorney Nicole Gorovsky and appearing for Monfre was Carter Collins Law. The evidence proffered at the hearing indicated that Monfre was indicted by a federal grand jury on two counts of receipt of child pornography in violation of Title 18 United States Code Section 2252(a)(2), one count of Transportation of Child Pornography in violation of Title 18 United States Code Section 2252(a)(1) and (b)(1) and one criminal forfeiture count for

---

[1] This Order more fully sets out the Court's previous Order Denying the Government's Motion for Detention (Doc. 12). That Order, as well as this Order, are stayed by the District Court's Order staying execution of bond (Doc. 20).

computer equipment.

The evidence proffered demonstrated that Monfre has no criminal history, has been employed for eight years at the local water company as a dispatcher, has an Associate Degree from a local college, owns a home, is a long time resident of the area, and has a stable family life. The evidence further demonstrated that the conduct charged in the indictment occurred in 2007. Additionally, the Government presented evidence of online chats that occurred in 2007 and 2008, in which the party identified by the Government as Monfre stated that he had engaged in sexual activity with a nine-year old and that he would like to do it again.[2] Moreover, the evidence adduced at the hearing indicated that Monfre's computer had been seized on a warrant issued by this Court on February 2, 2009.

## LEGAL STANDARD

### BACKGROUND

The Bail Reform Act is the governing law as to release or detention of defendants before trial. 18 U.S.C. § 3141 et.seq. Under the act, the judicial officer shall order the defendant detained if no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e). Thus, a showing of either the defendant's likelihood to flee or dangerousness to others requires detention. Courts have operated on this assumption, and a number have made it explicit. *See United States v. Montalvo-Murillo*, 495 U.S. 711, 713 (1990) (holding that detention is required for persons who are a flight risk or a danger to the community). The Supreme Court has held that Congress did not intend pretrial detention to be punitive. *See United States v. Salerno*, 481 U.S. 739, (1987).

---

[2] The Government presented no evidence as to the identity of the nine year old.

The court must consider all reasonable, less-restrictive alternatives to detention. *See* 18 U.S.C. § 3142(e); *United States v. Infelise*, 934 F.2d 103, 105 (7th Cir. 1991) (remanding because defendants proposed electronic surveillance anklets rather than detention, and trial court failed to consider whether it was a reasonable alternative). The sections of the Bail Reform Act pertinent to the inquiry in the instant case are outlined below.

**STANDARD OF PROOF**

The statute specifies that a finding that no conditions will reasonably ensure the safety of any other person or the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f).

**FACTORS TO BE CONSIDERED**

Section 3142(g) sets forth the factors for the judicial officer to consider in determining whether to release a defendant. These factors **must** be considered whenever release is sought. They are as follows:

> 1.) The nature and circumstances of the offense charged;
> 2.) The weight of the evidence against the defendant;
> 3.) The history and characteristics of the person, including-
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, state or local law; and
> 4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The Seventh Circuit has warned that the trial court may not disregard any of these factors. *See United States v. Torres*, 929 F.2d 291 (7th Cir. 1991). In *Torres*, the district judge explicitly

discounted the defendant's "family ties," a factor listed in section 3142(g)(3)(A) as relevant to likelihood of flight, on the ground that defendant's love for his family "does not increase the likelihood of his appearance because prison, his alternative to flight, also would sever those bonds." *Id.* The Seventh Circuit criticized this approach, stating that "[i]f, as the statute provides, family ties are relevant to the probability of flight, a judge may not rebuff all evidence about the subject." *Id.* at 292. The Seventh Circuit similarly warns district courts to avoid focusing *solely* on the crime in which the defendant has been charged, because "it is only one of the factors relevant to the decision." *United States v. Dominguez,* 783 F.2d 702 (7th Cir. 1986).

### REBUTTABLE PRESUMPTION

The offenses with which Monfre is charged trigger a presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). The presumption imposes on defendants only a burden of production; the burden of persuasion concerning the risk of flight and dangerousness remains with the government. *See United States v. Diaz*, 777 F.2d 1236, 1237 (7th Cir. 1985). Courts have held that when a defendant comes forward with no evidence, the presumption alone supports the conclusion that no conditions of release could reasonably assure the safety of the community. *See United States v. Daniels*, 772 F.2d 382, 383 (7th Cir. 1985).

To meet its burden, the defense must produce only "some [relevant] evidence." The introduction of such evidence, however, does not eliminate the presumption entirely. Rather, the presumption "remains in the case as one of the elements to be considered" by the judicial officer. This ensures that the court takes note of the congressional findings that certain offenders pose special flight risks. The Seventh Circuit held that to rebut the presumption, defendants need not

produce evidence that they are innocent of the charged crime. *Dominguez*, 783 F.2d at 702. Thus, the Court cannot presume that Defendant committed the charged offenses. The statute itself directs that "nothing in this section shall be construed as modifying or limiting the presumption of innocence." 18 U.S.C. § 3142(j). Rather, defendants may show that "the specific nature of the crimes charged, or . . . something about their individual circumstances" suggests that they are not dangerous or likely to flee. *Dominguez*, 783 F.2d at 707.

### DISCUSSION

The only issue before the Court is whether there are any conditions that may imposed upon Monfre that will reasonably assure the safety of any other person or the community or whether he presents a risk of flight. A discussion of the factors listed in 3142(g) follows.

There is no doubt that Monfre is charged with a serious offense. Indeed, the Congress has declared transportation and receipt of child pornography to be crimes of violence. The evidence adduced at the hearing indicated that Monfre had received and sent images of minors engaged in sexually explicit conduct. As to the weight of the evidence, the grand jury found probable cause that Defendant committed the offense charged. These facts cuts against Monfre.

But as noted above, the Seventh Circuit rejects an analysis under the Act that improperly confuses the gravity of the crime with which the defendant has been charged with what it takes for a defendant to rebut the presumption that he or she is a danger to the community or a risk of flight. *United States v. Dominguez,* 783 F.2d 702 (7th Cir. 1986) illustrates this point.

In *Dominguez,* the defendants were indicted on cocaine-trafficking. Although the defendants had no criminal background, had been employed for a number of years, and had stable family backgrounds, the district court denied defendants bail because "no evidence was

offered to rebut the presumption that defendants' involvement in a narcotics organization presents a danger to the community." *Id.* at 706-07. The Seventh Circuit vacated that order because although a presumption of detention attached to their crime, it was improper for the district court to make a finding that the defendants were a danger to the community merely because the defendants could not rebut that the crime itself was dangerous. The court noted that "the district court's finding of dangerousness was based solely on the application of the presumption in §3142(e)." *Id.* at 707.

> Under the district court's interpretation, few if any defendants in narcotics cases could ever rebut the presumption of dangerousness and thereby defeat pretrial detention. A defendant can hardly be expected, after all, to demonstrate that narcotics trafficking is not dangerous to the community. Nor can a defendant rebut the government's showing of probable cause to believe he is guilty of the crimes charged. *That showing is not really at issue once the presumptions in §3142(e) have been properly triggered; evidence probative of guilt is admitted at a detention hearing only to support or challenge the weight of the government's case against the defendant.* This is only one of the factors relevant to detention.

*Id.* at 706 (emphasis added). The same is true with respect to the Government's charges against Monfre. It is unrealistic for this Court to expect Monfre or any other defendant who is charged with crimes involving child pornography to produce any evidence that would show that these offenses are not dangerous. Crimes against children, without question, are vile are reprehensible. The Court's function here is to determine whether defendant has provided "some evidence" that *he* will not flee or endanger the community if released. It is also relevant that Congress did not intend detention to be punishment for the crime charged.

As to the history and characteristics of the person, Defendant proffered evidence that Monfre is a life-long resident of southern Illinois. He lives in a home that he has owned for three years. He has a significant relationship with another person which is very serious and

committed. Monfre has steady income from a job at the local water company as a dispatcher where he has worked for the last eight years.

There was no evidence presented to the Court that Monfre had any mental or physical infirmities, any criminal record, any issues relating to drug or alcohol abuse, that there was any past conduct other than the chats and charged conduct, that there was any record concerning appearance at court proceedings or that he had any significant character issues besides the charged conduct and chats. Additionally, there was no evidence presented that Monfre at the time of the current offense or arrest was on probation, on parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, state or local law. Indeed, the only evidence presented about Monfre concerning the nature and seriousness of the danger to any person or the community that would be posed by the his release was the charged conduct and the chats.

The Court must consider, finally, the nature and seriousness of the danger that would be posed by the person's release. The evidence proffered by the Government regarding this factor is that Monfre used a program called Google Hello to download images of child pornography.[3] Google Hello was a program that allowed a user to have instant chats and exchange files at the same time. The Government's argument for detention focused primarily on this factor, and evidence of one chat in particular. The following is a portion of that chat between Defendant (local user) and another internet user that took place on December 24, 2007:

> boiihearted: you ever had a yng
> local user: once . . . a few years ago . . .
> local user: f****d a 9 yo (expletive altered)

---

[3] The images were not presented to the Court. The prosecutor described those images as "horrible."

>            . . .
>        local user: probably never happen again . . . but oh man . . .
>        boilhearted: why you say that?
>        local user: chances of me finding another boy, slim to none . . . unless I go
>            overseas
>        boihearted: where did it happen last time
>        local user: was a neighborhood kid at my old place

The Government stated they had obtained additional chats, but did not present them to the Court:

> The government is in possession on no fewer than ten other chats that are very similar in nature. But even more troubling, the defendant in some of the other chats discusses the possibility of going to other countries to molest boys. He discusses, your Honor, that he is looking throughout the chat system for another -- well, not another, but a father who was willing to share his son, your Honor. And these chats took place over, it looks like, approximately six-month to a year period.

(Tr. p. 6.) While these chats are very disturbing, there was no evidence presented that the acts Monfre bragged about actually occurred. Indeed, the Government stated that they had not found an alleged victim. Moreover, the chat presented to the Court took place two years ago and involved an incident that took place a few years before that. The Government made no argument other than the chats involving the Defendant were a "serious situation" and therefore, he was a danger to community and should be detained. The Court is also mindful of the potential of exaggeration or "puffing" in an internet chat with a stranger. As such, the veracity of the statements made in the chats is questionable if not dubious. The statements in the chat were not made to law enforcement as a confession to a crime, and despite the Government's argument to the contrary, this evidence is not an "admission" to any crime.

## CONCLUSION

Monfre has presented evidence that he is not likely to flee or present a danger to the community. The Court considers the presumption and determines that for the reasons stated

above Monfre has rebutted that presumption. The Court finds that Monfre is not a danger to any person or the community and is not likely to flee. Further, the Court finds that there are conditions or a combination of conditions that will likely assure the safety of any person or the community. The Court has ordered Monfre placed on electronic monitoring with complete house arrest. He is only allowed to go to work, church, or doctor's appointments. All other trips will require prior approval from the Pretrial Services Officer. Defendant is forbidden to use the internet, and must surrender his passport. For these reasons, the Motion of the United States to detain Monfre is **DENIED**.[4]

**DATED: July 1, 2009**

                                                      s/ *Donald G. Wilkerson*
                                                      **DONALD G. WILKERSON**
                                                      **United States Magistrate Judge**

---

[4] As stated above, this Order is stayed by the District Court pending resolution of the Government's Motion to Revoke Magistrate's Order of Pretrial Release (Doc.7).